

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,297-01

### EX PARTE CLYDE LAVERNE FISHER, III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CM-14-527 A IN THE 369TH DISTRICT COURT
### FROM LEON COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to engaging in organized criminal activity, and was sentenced to eighteen years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary because he was advised incorrectly regarding parole eligibility. Apparently, neither his trial counsel nor the trial prosecutor was aware of a recent change in the law adding engaging in organized criminal activity to the list of offenses

for which an inmate must serve at least one-half of his sentence in flat time before becoming eligible for parole. Applicant alleges that parole eligibility was a primary concern for him during plea negotiations, and that he was incorrectly advised that he would be eligible for parole when his flat time plus his good time added up to one-quarter of his sentence. Applicant alleges that he would not have agreed to plead guilty in exchange for an eighteen-year sentence had he known that he would have to serve one-half of the sentence in flat time before becoming eligible for parole.

Applicant's trial counsel and the trial prosecutor both acknowledge that they were unaware of the change in the law, and the parties agree that Applicant should be allowed to withdraw his plea. The trial court recommends that relief be granted.

Relief is granted. The judgment in Cause No. CM-14-527-A in the 369th District Court of Leon County is set aside, and Applicant is remanded to the custody of the Sheriff of Leon County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: July 27, 2016
Do not publish